BIDDLE PURCHASING Co. *v.* UNITED STATES (No. 5119)*

United States Court of Customs and Patent Appeals, April 25, 1963

*Barnes, Richardson & Colburn* (*Norman C. Schwartz, Joseph Schwartz, E. Thomas Honey,* and *Hadley S. King,* of counsel) for appellant.

*John W. Douglas,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, for the United States.

*C.A.D. 823.

[Oral argument April 1, 1963, by Mr. King and Mr. Vance]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Jr., Associate Judges

SMITH, Judge, delivered the opinion of the court:

This is an ▮ appeal by the importer from a judgment of the U.S. Customs Court, Second Division (C.D. 2345), which overruled its protest against the collector's classification of flashlights under paragraph 353 of the 1930 Tariff Act, as modified.

As stipulated by the parties before the Customs Court and as illustrated by Exhibit 1, the imported merchandise consists of common two-cell flashlights, imported without batteries but with the incandescent bulb. The parties further stipulated that the flashlights are in chief value of iron or steel and are not plated with platinum, gold or silver and are not colored with gold lacquer.

The importer claims that the flashlights are properly classifiable under the provisions of paragraph 397 of the 1930 Tariff Act, as modified. The pertinent provisions of the competing paragraphs are as follows:

*Paragraph 353* of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\* \* \* \* \* \* \*

Other (except the following: blowers; \* \* \* flashlights; \* \* \*)_____ 13¾% ad val.

*Paragraph 397*, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Not wholly or in chief value of tin or tin plate:

\* \* \* illuminating articles_____ 21% ad val.

\* . \* \* \* \* \* \*

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum (except \* \* \*)_____ 21% ad val.

Since flashlights were *excepted* from the reduced rate of duty on certain articles by virtue of the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, they remain subject to the basic duty of 35% ad val. under paragraph 353 if properly classified therein by the collector. The appellant contends that it was not

the intent of Congress to include flashlights in paragraph 353 as enacted in the 1930 Act and, therefore, the exception for flashlights added by subsequent trade agreements has no bearing on this appeal since the trade negotiators could not reclassify merchandise by removing it from one paragraph and putting it in another. Assuming *without deciding* that the trade negotiators had no authority to make a reclassification, we must compare paragraphs 353 and 397 of the 1930 Act as they were originally enacted.[1] The original paragraphs in pertinent part are as follows:

*Paragraph 353:*

\* \* \* \* \* \* \*

articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

*Paragraph 397:*

\* \* \* \* \* \* \*

Articles or wares not specially provided for, \* \* \* if composed wholly or in chief value of iron, steel, lead, \* \* \*_____ 45% ad val.

As originally enacted, the Tariff Act of 1930 nowhere specifically refers to flashlights, illuminating articles, fixtures or lamps. As pointed out in appellant's brief, paragraph 397 is the least specific provision in the metals schedule and is the "basket clause" of that schedule. Without further evidence that Congress intended otherwise, it is clear that flashlights should be classified under paragraph 353 as an article "having as an essential feature an electrical element or device" under the doctrine of relative specificity.[2] Flashlights were held to be properly classified under this paragraph in *C. J. Tower & Sons* v. *United States*, 2 Cust. Ct. 81, C.D. 92. However, appellant argues that the legislative history of paragraph 397 indicates that Congress would have intended flashlights to be classified thereunder and not under paragraph 353. Thus, the sole issue to be decided here is whether appellant is correct in its contention that classifying flashlights under the "basket clause" of paragraph 397 is consistent with the intent of Congress.

Appellant's argument is briefly summarized as follows:

(1) H.R. 2667, 71st Cong., 1st Sess., the Tariff Bill of 1929, as passed by the House, contained a *proposed* new paragraph 387 which specifically provided for "illuminating or lighting fixtures, lamps", etc.

---

[1] If we accept appellant's theory that the trade negotiators are without authority to reclassify, we must also ignore the provision for "illuminating articles" added to paragraph 397 by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108.

[2] See e.g. *Sandoz Chemical Works, Inc.* v. *United States*, 43 CCPA 152, C.A.D. 623.

(2) The Senate Finance Committee struck out this proposed paragraph and, after passage in the Senate, the matter went into conference where the House receded. The conference report states that the effect of striking out the proposed paragraph 387 was to throw the items into the basket clause which is now paragraph 397 of the 1930 Act.

(3) Therefore, flashlights should be classified under paragraph 397 since they are illuminating articles or lamps which Congress intended to be included in paragraph 397.

The legislative history referred to in the first two paragraphs in the above summary is discussed at length in *National Carloading Corp.* v. *United States*, 44 CCPA 77, C.A.D. 640, and *United States* v. *N. Minami & Co., Inc.*, 29 CCPA 169, C.A.D. 188. It is here necessary only to quote the provisions of proposed paragraph 387 of H.R. 2667 and to state that we agree with appellant's position that the *items mentioned therein* were intended by Congress to be included in the basket clause of the metals schedule, now paragraph 397 of the 1930 Act. Proposed paragraph 387 [3] is as follows:

PAR. 387. Illuminating or lighting fixtures, lamps, lamp bases, candelabra, and candlesticks, any of the foregoing and parts thereof, finished or unfinished, not specially provided for, if wholly or in chief value of base metal or alloy, 50 per centum ad valorem; if wholly or in chief value of, or plated with, platinum, gold, or silver, 65 per centum ad valorem.

Even though we agree with appellant up to this point, a final question to be decided is whether Congress intended *flashlights* to be included among the articles specified in proposed paragraph 387, *supra*. We think not.

It was conceded by the appellant before the court below that flashlights are not "fixtures" and therefore cannot be included by the terms "illuminating or lighting fixtures". It is equally clear to us that the imported flashlights cannot be included by the terms "lamp bases, candelabra, and candlesticks". Thus, in order to be included in the provisions of proposed paragraph 387, they must be included as "lamps".

Appellant, in its brief, relies upon a number of dictionary definitions and cites excerpts from several U.S. patents issued in 1929 and 1930 which purport to show that "lamps" should include the imported flashlights. Appellant states in its brief that:

The term "lamp" embraces in common understanding any device for producing artificial light, and as used in proposed paragraph 387, includes all forms of the article.

Even if "lamps" can be broadly defined to include flashlights, we do not think that Congress intended such a broad definition in proposed paragraph 387. If such a broad meaning of "lamp" was intended by

[3] H.R. 2667, 71st Cong., 1st Sess.

Congress, then the other articles enumerated in proposed paragraph 387 would be surplusage.

The testimony taken at the hearings concerning proposed paragraph 387 of H.R. 2667 before the House Committee on Ways and Means [4] and the Senate Committee on Finance [5] indicates that the legislators and witnesses were concerned with cast iron and brass chandeliers, wall brackets, street lights, and residential lighting fixtures, etc. Nowhere in these hearings is there any indication that Congress was concerned with flashlights or articles similar to them. Such testimony indicates to us that the term "lamps", as used in proposed paragraph 387, was intended to cover articles *ejusdem generis* with illuminating and lighting fixtures.

A further indication that Congress intended "lamps" to mean articles *ejusdem generis* with illuminating and lighting fixtures and not flashlights is the inclusion of the term "lamp bases". "Lamp bases", of course, refers to the base or stock of a table or floor lamp, without the bulb, shade and possibly the socket. We do not know, and appellant has not argued, that there is such an article as a "base" for a flashlight.

As indicated by the eight patents issued in 1929 and 1930, and also a fact of which we take judicial notice, flashlights were common articles prior to the Tariff Act of 1930. Had Congress intended them to be included in proposed paragraph 387 along with the other specific articles (candelabra, candlesticks, etc.) mentioned therein, it could have specifically done so *eo nomine*. This omission plus the fact that flashlights are "articles having as an essential feature an electrical element or device" and are "wholly or in chief value of metal" as required by paragraph 353 further support our conclusion that the collector and the Customs Court were correct in classifying the imported merchandise thereunder. This conclusion is consistent with the judgment of the lower court in *C.J. Tower & Sons* v. *United States, supra*, and also with the action of the trade agreement negotiators to the Torquay Protocol to the General Agreement on Tariffs and Trade, in excluding flashlights from the lowered rate of duty resulting from their modification of paragraph 353 of the 1930 Act. The result reached herein is also consistent with the result reached in *Guth Stern & Co.* v. *United States*, 63 Treas. Dec. 1390, Abstract 23500, and *Alex Taylor & Co., Inc.* v. *United States*, 67 Treas. Dec. 386, T.D. 47566 and *Butler Bros.* v. *United States*, 66 Treas. Dec. 1067, Abstract 29279, all of which held flashlights properly classifiable under paragraph 353.

For the foregoing reasons, the judgment of the Customs Court is *affirmed*.

---

[4] 70th Cong., 2nd Sess., Sch. 3, pp. 2617–2632.
[5] 71st Cong., 1st Sess., Sch. 3, pp. 1045–1073.